# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jesus Lara Nieto<br>[A 079-039-862],<br><br>               Plaintiff,<br><br>v.<br><br>Kirstjen Nielsen, Secretary,<br>Department of Homeland Security;<br>Peter Berg, District Director, U.S.<br>Immigration & Customs Enforcement<br>(ICE); Jefferson Beauregard<br>Sessions, III, United States Attorney<br>General,<br><br>               Defendants. | Civil No. 18-1873 (DWF/SER)<br><br><br>**MEMORANDUM OPINION** |

Jason A. Nielson, Esq., and Herbert A. Igbanugo, Esq., Igbanugo Partners Int'l Law Firm, PLLC, counsel for Plaintiff.

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, United States Attorney's Office, counsel for Defendants.

## INTRODUCTION

This matter is before the Court on Plaintiff Jesus Lara Nieto's Emergency Motion for Temporary Restraining Order (the "Motion"). (Doc. No. 5.) After a hearing on July 9, 2018, the Court issued an Order briefly detailing the Court's denial of Plaintiff's Motion. (Doc. No. 22.) For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Motion.

## BACKGROUND

Plaintiff Jesus Lara Nieto, a native and citizen of Mexico, first entered the United States in 1993 without inspection. (Doc. No. 1 ("Compl.") ¶ 6.) In 1998, Lara Nieto married his United States citizen wife, Blanca Lara, in Dallas, Texas. (*Id.*) Plaintiff filed for lawful permanent resident status, but the application was eventually denied because Plaintiff and his wife lacked a financial sponsor with sufficient income. (*Id.*) The couple has three United States citizen children. (*Id.*) Plaintiff does not allege, however, that he has ever had legal status within the United States.

On February 20, 2003, Plaintiff was convicted of Assault-Family Violence in McLennan County, Texas. (*Id.*, ¶ 7.) Plaintiff was sentenced to 12 months in prison. (*Id.*) On June 3, 2003, the former Immigration and Naturalization Service ("INS") issued a Notice of Intent to Issue a Final Administrative Removal Order (the "Notice") against Plaintiff. (Doc. No. 15 ("O'Denius Decl.") ¶ 2, Ex. 3.) The Notice indicated that Plaintiff was removable based upon his Assault-Family Violence conviction. The Notice, citing 8 U.S.C. § 1227(a)(2)(A)(iii), stated that Plaintiff was eligible for removal as an aggravated felon. (*Id.*) However, the Notice incorrectly cited 8 U.S.C. § 101(a)(43)(B), relating to drug-trafficking crimes, as the underlying aggravated felony. (*Id.*)

On July 1, 2003, INS issued a final Administrative Order of Removal (the "2003 Final Order"). (Compl. ¶ 7; O'Denius Decl. ¶ 3, Ex. 4.) The 2003 Final Order remedied the error from the Notice and cited 8 U.S.C. § 101(a)(43)(F), relating to crimes of violence, as the underlying aggravated felony making Plaintiff eligible for removal.

(O'Denius Decl., Ex. 4.)  On July 15, 2003, Plaintiff was removed to Mexico.  (Compl. ¶ 7; O'Denius Decl. ¶ 4, Ex. 5.)

In May or June of 2005, Plaintiff reentered the United States without inspection.  (Compl. ¶ 8.)  Since 2005, Plaintiff has lived with his U.S. citizen wife and children, most recently in Cottage Grove, Minnesota.  (*Id.*)  Plaintiff does not allege that he attained legal status during the past thirteen years.

On April 27, 2018, Immigration and Customs Enforcement ("ICE") arrested Plaintiff during a vehicle stop.  (*Id.*, ¶ 10; O'Denius Decl. ¶ 6, Ex. 6.)  On the same day, ICE issued Plaintiff a Notice of Intent/Decision to Reinstate Prior Order.  (O'Denius Decl. ¶ 7, Ex. 7.)  Plaintiff requested a reasonable fear determination before U.S. Citizenship and Immigration Services ("USCIS"), which USCIS conducted on May 8, 2018.  (*Id.* ¶ 8-9.)  USCIS subsequently found that Plaintiff had not established a reasonable fear of persecution.  (*Id.* ¶ 9, Ex. 8.)  On May 31, 2018, the immigration judge denied Plaintiff's appeal.  (*Id.* ¶ 10, Ex. 9.)  The immigration judge's order noted that, pursuant to 8 U.S.C. § 1252, Plaintiff could file a petition for review in the Eighth Circuit.  (*Id.*)

On June 7, 2018, Plaintiff filed his petition for review and a motion for stay of removal.  *See Lara-Nieto v. Sessions*, 18-2232 (8th Cir. 2018); (O'Denius Decl. ¶ 12, Ex. 10),  Plaintiff raises substantially similar arguments in his motion for stay of removal to the Eighth Circuit as he does in his pleadings to this Court.  (*Compare id.*, *with* Doc. Nos. 5, 5-1.)  The Eighth Circuit granted the stay to allow the Government to submit a response.  Order, *Lara-Nieto*, 18-2232 (June 7, 2018).  On June 26, 2018, the Eighth

Circuit denied the stay of removal. Order, *Lara-Nieto*, 18-2232 (June 26, 2018). Plaintiff's petition for review remains pending.

On July 3, 2018, Plaintiff filed his Complaint and an Emergency Motion for Temporary Restraining Order Removal Imminent. (Doc. Nos. 1, 5.) In the Complaint, Plaintiff asks the Court to review the reinstatement order and brings a collateral attack on the validity of his underlying removal order. (Doc. No. 1.) On July 9, 2018, the Court held a hearing on Plaintiff's Emergency Motion for Temporary Restraining Order Removal Imminent. (Doc. No. 5.) Due to the imminence of Plaintiff's removal, the Court issued a brief order denying the temporary restraining order. (Doc. No. 22.) This memorandum sets forth the reasons underlying the Court's July 9, 2018 order.[1]

## ANALYSIS

I. **Legal Standard for Injunctive Relief**

A movant must demonstrate circumstances that justify a stay pending judicial review, and as with other temporary injunctive relief, the Court weighs the following factors: (1) the threat of irreparable harm to the moving party; (2) the balance between the alleged irreparable harm and the harm that granting the injunction would inflict on the other party; (3) the public interest; and (4) the likelihood of the moving party's success on the merits. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The factors must be balanced to determine whether they tilt toward or away from

---

[1] The Court has learned that ICE removed Plaintiff to Mexico on July 10, 2018. (Doc. No. 25, Ex. A.) Although Plaintiff's removal raises issues of mootness, the Court declines to address those issues because Plaintiff had not been removed as of the Court's July 9, 2018 order.

4

granting injunctive relief. *See West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986).

## II. Jurisdiction to Review Reinstatement Order

Plaintiff contends that the Court should stay his removal because the reinstatement of his 2003 Removal Order was unlawful. (Doc. No. 5 ¶ 8.) Plaintiff argues that several statutes provide this Court with jurisdiction to review the reinstatement order.[2] The Court disagrees. The Court lacks jurisdiction to review the decision to reinstate Plaintiff's removal order. Congress instead vested the appropriate courts of appeals with exclusive jurisdiction to review decisions to reinstate prior final removal orders. 8 U.S.C. § 1252(a)(5); *see Molina Jerez v. Holder*, 625 F.3d 1058, 1072 (8th Cir. 2010) ("We agree with the district court's statement that jurisdiction to review the propriety of the Reinstatement Order rests with the court of appeals."); *Ochoa-Carrillo v. Gonzales*, 446 F.3d 781, 782 (8th Cir. 2006) ("[J]udicial review in the appropriate court of appeals is the 'sole and exclusive' means to review a § 1231(a)(5) order reinstating a prior removal order."). Here, the Eighth Circuit has exclusive jurisdiction to consider Plaintiff's challenge. Indeed, Plaintiff's counsel appears to recognize this because they first petitioned the Eighth Circuit for review of the reinstatement order. To the extent that

---

[2] Plaintiff argues that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2202 (Declaratory Judgment Act); 8 U.S.C. § 1252(a) (REAL ID Act); 5 U.S.C. § 702 (Administrative Procedure Act); 28 U.S.C. § 1361 (mandamus); 8 U.S.C. § 1329 (immigration cases brought by the United States); 5 U.S.C. § 704 (review of final agency action); and 28 U.S.C. § 2202 (additional relief in declaratory judgment proceedings). (Doc. No. 5 ¶ 10.)

5

Plaintiff is challenging the reinstatement order, the Court therefore lacks jurisdiction to consider Plaintiff's challenge.

## III. Jurisdiction to Review Removal Order

Plaintiff also contends that "it is permissible for [him] to collaterally attack the validity of the 2003 administrative removal order because, at the time of the prior removal order, no order of removal should have been entered." (Doc. No. 5-1 at 2 (internal quotation marks omitted).) Specifically, Plaintiff argues that his 2003 removal order is a "gross miscarriage of justice" because the original Notice of Intent to Issue a Final Administrative Removal Order incorrectly cited 8 U.S.C. § 1101(a)(43)(B) (relating to drug-trafficking offense), rather than 8 U.S.C. § 1101(a)(43)(F) (relating to crimes of violence). (Doc. No. 5-1 at 2-3.) Plaintiff claims that because of this error, DHS placed Plaintiff in expedited removal proceedings, which prevented Plaintiff from obtaining adjustment of status and full and fair removal proceedings. (*Id.* at 3.)

As with the reinstatement order, the Court lacks jurisdiction to consider Plaintiff's collateral attack on the underlying 2003 removal order. 8 U.S.C. § 1252(a)(5) makes "the appropriate court of appeals . . . the sole and exclusive means for judicial review of an order of removal." The vehicle for such review is a petition for review. *Id.* Additionally, the court of appeals may review constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D); *id.* § 1252(b)(9).[3] Here, Plaintiff has filed a petition for review in the Eighth Circuit raising substantially similar

---

[3] The Court observes that Plaintiff's collateral attack on his 2003 removal order may be time-barred. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *id.* § 1252(b)(1). The Court declines to address these timing issues because it lacks jurisdiction over Plaintiff's claims.

arguments as the ones he advances in his pleadings before this Court. (*Compare id.*, *with* Doc. Nos. 5, 5-1.) Plaintiff's arguments are appropriately before the Eighth Circuit. To the extent that Plaintiff is challenging the underlying removal order, the Court therefore lacks jurisdiction to consider Plaintiff's challenge.

Because the Court has determined that it lacks jurisdiction over Plaintiff's challenges, the Court need not reach the *Dataphase* factors related to Plaintiff's Motion. As the Court observed in its July 9, 2018 order, Jesus Lara Nieto is a sympathetic plaintiff. Albeit without legal documentation, Plaintiff has resided in the United States continuously for approximately 13 years, and in total for nearly 25 years. He has a wife and three United States citizen children, and his wife just recently underwent a medical procedure from which she is still recovering. Plaintiff is also partially deaf and asserts a fear of returning to Mexico based on his disability. Plaintiff is the primary income-earner for his family, and his wife has expressed concern about their family's financial stability after Plaintiff is deported. The Court is sympathetic to Plaintiff's situation and notes that if standards of common human decency were the law, the Court may reach a different result. Such standards, however, do not vest the Court with jurisdiction over this matter.

Dated: July 16, 2018                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge